**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures LLC, an Arizona limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>Lisa Jean Borodkin; Daniel Blackert; Asia Economic Institute LLC; Raymond Mobrez; Iliana Llaneras; Does 1-10, inclusive,<br><br>        Defendants. | No. CV-11-1426-PHX-GMS<br><br>**ORDER** |

On March 1, 2012, the Court issued an Order (Doc. 52) denying Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 18) and Motion to Dismiss for Improper Venue or to Transfer (Doc. 17). On March 20, 2012, Defendant Mobrez[1] submitted the instant Motion for Reconsideration, requesting that the Court reconsider its March 1 denial of Defendants' motions. (Doc. 57). Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th

---

[1] The Motion for Reconsideration is signed by both Defendant Mobrez and Defendant Llaneras. (*See* Doc. 57). Defendant Llaneras, however, is currently represented by counsel, and her counsel did not sign the Motion for Reconsideration. (*See id.*). The Court will therefore consider the motion as one brought solely by Defendant Mobrez.

1 Cir. 1993). A motion for reconsideration should not be used to ask a court "to rethink what
2 the court had already thought through, rightly or wrongly." *Above the Belt, Inc. v. Mel*
3 *Bohannon Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va.1983)).

4       In their motion for reconsideration, Defendants have not presented new evidence,
5 identified clear error or manifest injustice, or identified a change in the law. (*See* Doc. 57).
6 As Defendants noted in their motions to dismiss, Edward Magedson, Plaintiff's manager,
7 sent Defendant an email on July 24, 2009 in which he stated "I am in California, I live here
8 now." (Doc. 18-4, Ex. A). This does not change the fact, however, that in April and May
9 2009, Defendants called Xcentric, an Arizona LLC, at its Arizona phone number multiple
10 times in alleged furtherance of a malicious lawsuit. Nor does Magedson's possible California
11 residency change the fact that Defendants filed the allegedly malicious lawsuit against
12 Magedson's Arizona LLC, traveled to Arizona for settlement discussions with Magedson and
13 sent attorneys to Arizona to depose him. In essence, Defendants' motion is a request for the
14 Court to rethink what the Court has already thought through. It is therefore denied.

15       To be sure, the Court has a strong interest in ensuring that it has subject matter
16 jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(1)(3) ("If the court determines at any
17 time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *The*
18 *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884) (holding that a federal court's
19 subject-matter jurisdiction may be challenged at any stage of the proceedings, and that the
20 court may raise this issue *sua sponte*). Nonetheless, even were the Court to find that
21 Magedson is now a citizen of California, this would not affect the Court's subject matter
22 jurisdiction. The Complaint alleges that the Court has subject matter jurisdiction pursuant to
23 28 U.S.C. § 1332 because "there is complete diversity among the parties." (Doc. 55, ¶ 9). For
24 the purposes of 28 U.S.C. § 1332, "an LLC is a citizen of every state of which its
25 owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894,
26 899 (9th Cir. 2006). Xcentric is an LLC with only one owner/member, namely CBIC—a
27 Nevada corporation with its principal place of business in Nevada. (*See* Doc. 21). Even
28 though Magedson, an alleged California citizen, is CBIC's sole shareholder, CBIC is a

1  corporation, not an LLC. And "a corporation is a citizen only of (1) the state where its
2  principal place of business is located, and (2) the state in which it is incorporated." *Johnson*,
3  437 F.3d 894, 899 (citing 28 U.S.C. § 1332(c)(1)). None of the Defendants contend that they
4  are citizens of Nevada. Consequently the Court has diversity jurisdiction over this action.

**IT IS HEREBY ORDERED** denying the Motion for Reconsideration (Doc. 57).

DATED this 2nd day of April, 2012.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge